**E-FILED on** __8/21/08__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN ROY SCHRIVER,<br><br>Petitioner,<br><br>v.<br><br>CAL TERHUNE, Director,<br><br>Respondent. | No. C-00-20839 RMW<br><br>ORDER TO SHOW CAUSE<br><br>**[Re Docket No. 1]** |

Steven Roy Schriver petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court will require respondent to show cause why a writ of habeas corpus should not be granted.

## I. BACKGROUND

In 1985, petitioner was convicted of first degree murder. The conviction was reversed by the Court of Appeal of California on the "deliberation or premeditation" element and remanded for retrial or entry of a judgment of second degree murder. The state declined to retry petitioner and the second degree murder conviction was entered in 1986. He was sentenced to a term of incarceration of fifteen years to life.

Petitioner filed a second direct appeal, which resulted in an affirmance by the California Court of Appeal in 1988. The Supreme Court of California subsequently denied review. Petitioner's state petition for a writ of habeas corpus was ultimately denied by the California Supreme Court in

ORDER TO SHOW CAUSE—No. C-00-20839 RMW
RSM

1993. On April 18, 1997, petitioner filed his first petition for a federal writ of habeas corpus, which was docketed as Case No. C-97-20379-RMW.

Respondent moved to dismiss the first petition on the basis that some of the claims were not exhausted; in other words, that the petition was mixed. Petitioner, who was proceeding *pro se* with the assistance of various legal agents (fellow inmates, or jailhouse "lawyers"), inadvertently dropped grounds I, III(B), IV and V between presenting the state petition to the California Court of Appeal and the Supreme Court of California. The petitioner moved on May 17, 1999 to dismiss his petition without prejudice so that he could return to state court to exhaust the unexhausted claims. Case No. C-97-20379-RMW, Docket No. 19. On December 22, 1999, the petitioner returned to this court, informing the court that he had exhausted his unexhausted claims, and filed a "Notice/Motion of Completion of Exhaustive Remedies in Lower Court and Motion to Process Within [sic] the Above Matter." *Id.*, Docket No. 20. Upon informing petitioner that exhaustion is established at the time of the filing, this court gave the petitioner the option of amending the petition to remove the unexhausted claims or to dismiss the petition without prejudice. *Id.*, Docket No. 21. The petitioner did not respond and the petition was dismissed without prejudice on May 15, 2000. *Id.*, Docket No. 22.

On August 2, 2000, petitioner filed a second federal habeas petition asserting the same claims as in his first federal habeas petition. This second federal habeas petition was docketed in the above-captioned case, Case No. C-00-20839-RMW. This second petition was dismissed for being time barred by the one year statute of limitations imposed by AEDPA. Case No. C-00-20839-RMW, Docket No. 15. Petitioner appealed the court's decision and on November 2, 2006, the Ninth Circuit vacated the dismissal and remanded to this court for reconsideration in light of *Rhines v. Weber*, 544 U.S. 269 (2005), acknowledging that the court did not have the benefit of that decision at the time that it dismissed petitioner's petitions for failure to exhaust.

## II. ANALYSIS

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation

ORDER TO SHOW CAUSE—No. C-00-20839 RMW
RSM                                           2

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### 1.  Stay and Abeyance Procedure

"The interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines*, 544 U.S. at 273; *see also Rose v. Lundy*, 455, U.S. 509, 518-19 (1982). *Lundy* clearly established that federal district courts may not adjudicate mixed petitions. *Rhines*, 544 U.S. at 274. Accordingly, district courts were required to dismiss mixed petitions without prejudice to allow the petitioner to return to state court to properly exhaust all claims. *Id.* When *Lundy* was decided, there was no statute of limitations on a petition for a writ of habeas corpus. *Id.*

In 1996, AEDPA imposed a one-year statute of limitations on the filing of federal petitions. 28 U.S.C. §2244(d). The statute of limitations is tolled during the pendency of state action but is not tolled by the filing of a federal petition for a writ of habeas corpus. *Id.* at 274-75. The combination of *Lundy* and the one-year statute of limitations often resulted in petitioners who came to federal court with mixed petitions losing the opportunity for federal review of the unexhausted claims. *Id.* at 275.

Consequently, the Supreme Court determined that a stay and abeyance procedure should be available to petitioners in limited circumstances. *Id.* at 276-77. The stay and abeyance procedure involves the district court staying a mixed petition and holding it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Id.* at 275. To avoid undermining the purposes of AEDPA, however, this procedure is only appropriate when the petitioner has good cause for the failure to exhaust his claims in state court. *Id.* at 277. Additionally, the procedure would be inappropriate if a petitioner's claims are plainly meritless or if a petitioner engages in abusive litigation tactics or intentional delay. *Id.* at 277-78. Finally, the Court made clear that:

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his

ORDER TO SHOW CAUSE—No. C-00-20839 RMW
RSM                                                              3

unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 278.

### B. Whether the Court Should Consider Petitioner's Second Habeas Petition

#### 1. Petitioner Had Good Cause for His Failure to Exhaust

As set forth briefly above, petitioner has proceeded with his state and federal court petitions for habeas corpus on a *pro se* basis with the help of other prisoners acting as legal assistants. He was only appointed counsel after the Ninth Circuit remanded this case for determination in light of *Rhines*. *See* September 24, 2007 Order after Remand, Case No. C-00-20839-RMW, Docket No. 27 (appointing John Jordan as counsel). During the time that a litigant is proceeding without an attorney, courts generally have a "duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although the court would ordinarily assume that a petitioner is aware of the contents of his pleadings and motions, here it would appear that petitioner relied heavily on the assistance of inmates performing the role of jailhouse lawyers. The failure to raise all of the claims presented in petitioner's federal habeas petition before both the state Court of Appeal and the California Supreme Court appears to have been attributable in significant part to errors made by his jailhouse assistants. The confusion regarding which claims had been submitted to the state court was compounded by the failure to have his paperwork shipped when he was transferred to a new facility. His new legal assistant was unable to verify what had been filed previously before filing the federal petition.[1]

#### 2. Petitioner Acted Promptly

Respondent contends that petitioner unduly delayed in filing his exhaustion petition in the California Supreme Court because he did not file that petition until September 7, 1999 despite being alerted by respondent's motion to dismiss filed on April 22, 1999, Case No. 97-20379, Docket No. 17, that his petition may contain unexhausted claims. This argument is not persuasive. Although

---

[1] To be clear, the court finds that Schriver's failure to exhaust was justifiable based on this narrow factual situation. The court does not mean to suggest that ineffective counsel or ignorance of the contents of one's pleadings and motions will in general constitute sufficient cause to justify a failure to exhaust.

ORDER TO SHOW CAUSE—No. C-00-20839 RMW
RSM                                                                 4

1  respondent's motion to dismiss was well-taken and the petition did, indeed, contain unexhausted
2  claims, the court declines to measure petitioner's diligence from the date that respondent challenged
3  his claims as unexhausted.

4  Under the circumstances, the court finds that petitioner acted promptly to exhaust all of his
5  claims.  Notably, petitioner successfully exhausted his claims before the court had an opportunity to
6  rule on either respondent's motion to dismiss his petition or petitioner's own motion to dismiss
7  without prejudice in order to exhaust his remedies in state court filed on May 17, 1999.  Case No.
8  97-20379, Docket No. 19.  Petitioner's efforts in seeking to exhaust his claims demonstrates that he
9  did not engage in intentionally dilatory litigation tactics.

### 3. Equitable Tolling

"A district court's erroneous dismissal of a mixed habeas petition is sufficiently extraordinary to justify equitable tolling." *Smith v. Ratelle*, 323 F.3d 813, 819 (9th Cir. 2003).  As the dismissal of the first federal petition for a writ of habeas corpus was improper in light of the stay and abeyance procedure subsequently established by *Rhines*, the petitioner is entitled to equitable tolling for the period between the first and second petitions.  Consequently, the court will consider his second federal petition to have been timely filed.

### C. Petitioner's Claims

Petitioner asserts five grounds for federal habeas relief.  Petitioner contends that:  (1) the California Court of Appeal violated his due process rights by allowing the prosecution on remand to accept a second degree murder conviction if it chose not to retry petitioner; (2) his Sixth Amendment rights were violated by ineffective assistance of counsel; (3) the state courts' failure to grant him a new trial based on newly discovered evidence violated his due process rights; (4) the unexplained substitution of another judge for the trial judge on petitioner's state habeas petition violated his due process rights; and (5) his due process rights were violated when the trial court denied his motion for a new trial, which was based upon the prosecution's alleged knowing use of perjured testimony.   These issues are cognizable in a federal habeas action.

Accordingly, in light of *Rhines*, the court finds that dismissal of the first federal petition was improper because petitioner had good cause for his failure to exhaust his claims, acted promptly to

1 exhaust those claims and those claims are not plainly without merit. The court will thus order
2 respondent to show cause why petitioner's petition should not be granted.

### III. ORDER

Respondent is ordered to show cause why petitioner's petition for a writ of habeas corpus, filed on August 2, 2000, should not be granted.

1. Respondent shall file with the court, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

2. Respondent shall file with the answer a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse within thirty days of the filing of the answer.

DATED:     8/20/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**

John J. Jordan                      jjordanesq@aol.com

**Counsel for Respondent:**

David H. Rose                   david.rose@doj.ca.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

Dated: 8/21/08                            /s/ MAG
                                                            **Chambers of Judge Whyte**